UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

```
*******************************************
In re:                                      *
                                            *
BEVERLY J. BOYD                             *      Chapter 7
and                                         *      Case No. 05-20411
THOMAS P. BOYD                              *
                                            *
    Debtors                                 *
                                            *
*******************************************
JULIE DYCK                                  *
                                            *      Adversary Proceeding
    Plaintiff                               *      No. 05-2079
                                            *
v.                                          *
                                            *
BEVERLY J. BOYD                             *
and                                         *
THOMAS P. BOYD                              *
                                            *
    Defendants                              *
*******************************************
```

## ORDER DENYING DEFENDANTS' MOTION FOR
## FEES PURSUANT TO 11 U.S.C. § 523(d)

Following a trial on Plaintiff's complaint under § 523(a)(2) in which judgment was entered in their favor, the Defendants have filed a motion seeking an award of fees and costs pursuant to § 523(d). The Plaintiff has filed a response that asserts that she acted in good faith at all times, and was justified in filing the complaint based on the facts known to her at the time.

Section 523(d) of the Bankruptcy Code states:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Under § 523(d), it is up to the Defendants to show that the Plaintiff has filed a dischargeability action under § 523(a)(2), involving a consumer debt, and that the debt was discharged. Commercial Fed. Bank v. Pappan (In re Pappan), 334 B.R. 678, 682 (B.A.P. 10th Cir. 2005). There is no dispute in this case that all of those elements are present. In order to *avoid* an award under § 523(d), the Plaintiff here must show that her position in bringing the dischargeability action was substantially justified, or, if not, that there exist "special circumstances" that would make an award "unjust." Id; Bridgewater Credit Union v. McCarthy (In re McCarthy), 243 B.R. 203, 208 (B.A.P. 1st Cir. 2000) (accord). The inquiry is necessarily case-, and fact-, specific.

In this matter, I am satisfied that Plaintiff has met her burden of showing substantial justification in bringing her case. The evidence presented at trial showed that the Defendants, acquaintances of the Plaintiff, presented the Plaintiff with post-dated checks and promised to make the checks good. The Defendants failed to live up to their promise. Although after hearing all of the evidence I concluded their failure didn't amount to fraud within the meaning of § 523(a)(2), I find it was reasonable for the Plaintiff to have believed believe that they in fact never intended to make the checks good, given that they had told her that specific funds would come available to make good on the checks, namely a tax refund, but they subsequently used those funds for other purposes.

It is, therefore, ORDERED that Defendants' Motion for Fees is Denied.

Date: April 13, 2006

/s/ James B. Haines, Jr.
_____
James B. Haines, Jr.,
U.S. Bankruptcy Judge